IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY J. AMARAL<br>1263 Lower Ferry Road<br>Trenton, NJ 08618<br><br>Plaintiff,<br><br>v.<br><br>BAYVIEW ASSET MANAGEMENT, LLC<br>4425 Ponce de Leon Blvd., 5th Floor<br>Coral Gables, FL 33146<br><br>and<br><br>BAYVIEW LOAN SERVICING, LLC<br>4425 Ponce de Leon Blvd., 5th Floor<br>Coral Gables, FL 33146<br><br>Defendants. | CIVIL ACTION NO.<br><br>DOCKET NO.<br><br>**COMPLAINT AND JURY DEMAND** |

## COMPLAINT - CIVIL ACTION

Plaintiff, Anthony J. Amaral ("Plaintiff" or "Amaral"), by and through his attorney, David M. D'Orlando, Esquire, and the law firm of The D'Orlando Firm, PLLC, hereby brings this action against Defendants, Bayview Asset Management, LLC ("BAM") and Bayview Loan Servicing, LLC ("BLS")(collectively, the "Defendants"), and avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, the Pennsylvania Minimum Wage Act ("PA MWA"), 43 P.S. § 333.101, *et. seq.*, and the Pennsylvania Wage Payment and Collection Law ("PA WPCL"), 43 P.S. § 260.1, *et. seq.*

2. Plaintiff asserts that Defendants failed to pay him overtime compensation.

3. As explained herein, under applicable employment laws all non-exempt employees are entitled to receive premium overtime compensation for all hours worked in excess of forty (40) hours in a work week at a rate of one and one-half (1.5) times their regular rate of pay. However, Defendants maintained a policy whereby they misclassified a significant majority of their labor force as exempt from the overtime requirements of applicable employment laws.

4. As detailed herein, Defendants systematically failed to pay Plaintiff premium overtime compensation in the amount of one and one-half (1.5) times his regular rate for all hours worked in excess of forty (40) hours in a workweek.

5. As a result of the aforementioned pay practices, Plaintiff was illegally under-compensated for his work.

## JURISDCITION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

7. Jurisdiction in this Court is proper as the claims are being brought pursuant to the FLSA to recover unpaid back wages, and additional amount equal to liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

8. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b).

9. Further, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(i) and (ii) as a

substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

11. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

12. Plaintiff, Anthony J. Amaral, is an adult individual who currently resides in Mercer County, New Jersey. At all times material hereto, Plaintiff was a resident of Bucks County, Pennsylvania. Plaintiff was employed by Defendants as a Residential Asset Manager and/or Residential Asset Manager Team Leader in Defendants' Fort Washington, Pennsylvania office from approximately November 2012 through May 2017. Plaintiff is a covered employee within the meaning of the FLSA, the PA MWA and/or the PA WPCL.

13. Defendant, Bayview Asset Management, LLC, is a full-service mortgage investment firm that is headquartered at the above captioned address with additional locations in Florida, Pennsylvania, Texas and Illinois.

14. Defendant, Bayview Loan Servicing, LLC, is a full-service mortgage investment firm that is headquartered at the above captioned address with additional locations in Florida, Pennsylvania, Texas and Illinois, and is a servicer of both residential and small business commercial loans.

15. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

16. At all times material hereto, Plaintiff was "engaged in commerce" within the

meaning of §6 and §7 of the FLSA, by virtue of his regular and continuous interstate phone calls, emails, faxes and other interstate communications, all of which were/are part of the performance of his day-to-day duties for Defendants.

17. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, the PA MWA, and/or the PA WPCL.

18. At all times material hereto, Defendants were deemed Plaintiff's "employer" within the meaning of the FLSA, the PA MWA, and/or the PA WPCL.

19. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time period.

20. At all times relevant hereto, Defendants had more than two (2) employees.

21. At all times relevant hereto, Plaintiff was engaged in the "production of goods for Commerce" and subject to the individual coverage of the FLSA.

22. At all times relevant hereto, Defendants permitted Plaintiff to work hours over forty (40) without ensuring proper payment pursuant to the provisions of the FLSA, the PA MWA, and/or the PA WPCL.

23. At all times relevant hereto, Defendants did not maintain accurate records of all the hours worked by Plaintiff during his employment.

24. At all times relevant hereto, Plaintiff worked overtime hours without receiving time and one half (1.5) his regular rate for all hours worked.

25. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

26. Defendants are so closely affiliated and jointly operated as to management,

resources, policies, benefits, and in other ways that both Defendants are properly considered Plaintiff's joint, single, and/or integrated employers for the purposes of this action.

## FACTUAL BACKGROUND

27. The foregoing paragraphs are each incorporated herein in their entirety as if set forth in full.

28. The crux of Plaintiff's claims under the FLSA and PA State Laws is, inter alia that he as an employee was entitled to be paid premium overtime wages in the amount of one and one-half (1.5) times his regular rate of pay for all hours in excess of forty (40) in a workweek.

29. Contrary to these basic protections, Plaintiff was: (i) improperly classified as exempt; and (ii) deprived of the mandated overtime wages for all hours he worked in excess of forty (40).

30. Plaintiff held the positions of Residential Asset Manager ("RAM") and/or other comparable job titles during the statutory period covered by this Complaint at the Fort Washington, Pennsylvania location of Defendants.

31. Plaintiff began his employment with Defendants as a RAM in November 2012.

32. On or about August 2015, Plaintiff was promoted to a Team Leader of a team of RAMs.

33. On or about May 2017, Plaintiff ceased being employed by Defendants.

34. During his employment with Defendants, Plaintiff's primary job duties consisted of providing assistance to upper management and/or Defendants' underwriting department with modifications, short sales, and other delinquent portfolio resolutions, whether as a RAM or RAM Team Leader.

35. In the performance of his job duties, Plaintiff, inter alia, handled in-bound and

out-bound collection calls; performed data entry tasks; gathered and assembled documents (necessary to complete short sales, modifications, and/or forbearances) from borrowers; coordinated with settlement agents; printed approval and denial letter responses borrowers.

36. While employed by Defendants, Plaintiff was paid by salary.

37. In the performance of his duties, Plaintiff regularly worked in excess of forty (40) hours in a workweek. Indeed, although Plaintiff was scheduled to work from 9:00 a.m. to 6:00 p.m., he regularly worked until 9:00 or 10:00 p.m. to ensure that his approvals and denials were completed. On occasion, Plaintiff worked even later due to the high volume of work Defendants tasked him with. In addition, Plaintiff was required to work weekends due to the high volume of work Defendants tasked him with. At the end of each month, Plaintiff was often required to work until midnight on the last day of each calendar month in order to maximize resolutions credited to that specific calendar month.

38. Plaintiff was not responsible for deciding whether a loan file was approved or denied. However, Plaintiff was expected to remain on site until all approvals were cleared from Defendants' quality assurance department.

39. Moreover, Plaintiff was responsible for processing files for short sales, modifications, payment plans, ands other resolutions in California and Hawaii, which, due to the time differences, further necessitated staying beyond his "scheduled shifts."

40. Indeed, Plaintiff was pressured to close as many short sales as possible, requiring him to often stay in the office till 10:00 p.m. or beyond.

41. Plaintiff regularly worked in excess of twenty (20) to thirty (30) hours of overtime each week to satisfy his job requirements and responsibilities.

42. Plaintiff has been a victim of a common policy and plan by Defendants that has

violated his rights under the FLSA, the PA MWA and the PA WPCL by denying him premium overtime wages.

43. Specifically, Defendants willfully classified Plaintiff as an exempt employee. However, Plaintiff did not meet any of the exemptions to the FLSA, the PA MWA or the PA WPCL.

44. Plaintiff was not administratively exempt because, among other things, he did not have responsibilities to make management or business decisions for Defendants on matters of significance, nor did he regularly exercise independent discretion on matters of significance.

45. Importantly, Plaintiff did not have the ability to approve and/or finalize loan modifications, short sales, forbearances, or any other decisions regarding delinquent portfolios without clear consent and/or approval from management or Defendants' underwriting department.

46. Plaintiff did not qualify for the professional exemption because he was not employed in a bona fide professional capacity, requiring a specific degree in a field of science or learning.

47. Plaintiff did not qualify for the executive exemption because he did not have the ability to supervise, discipline, evaluate, hire or terminate other employees.

48. As such, Plaintiff has been wrongfully classified by Defendants, and was not exempt from the requirement of premium overtime pay.

49. In violation of the FLSA, Plaintiff was not paid overtime compensation at a rate not less than one and one-half (1.5) times his regular rate of pay for work performed over the forty (40) hour workweek.

50. Defendants' failure to provide Plaintiff premium overtime wages was undertaken

willfully and with reckless disregard of clearly applicable FLSA and PA State Law principles.

51. Defendants have been sued previously for similar failure to pay overtime allegations as contained herein.

52. Upon information and belief, Defendants, at all times relevant thereto, maintained across-the-board unlawful pay policies and practices designed and perpetuated to evade federal and stat wage laws and have failed to pay Plaintiff proper overtime wages.

53. While Plaintiff is unable to state at this time the exact amount owed, Plaintiff believes that such information will become available during the course of discovery. Irrespective of the foregoing, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

**Count I**
**Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation)**

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

55. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed herein.

56. The overtime wage provisions set forth in the FLSA and the supporting federal regulations apply to Defendants and protect Plaintiff.

57. At all relevant times, Plaintiff was employed by an entity engaged in commerce

8

and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 203(e), (r), and (s).

58. At all relevant times, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. § 203(e).

59. At all relevant times, Defendants were an enterprise engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 203(e), (r), and (s) with annual gross volume of sales made or business done in excess of $500,000.00.

60. At all relevant times, Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

61. As stated above, Defendants maintained a policy and practice of refusing to pay overtime compensation to Plaintiff for the hours he worked in excess of forty (40) hours per week.

62. Defendants' failure to pay Plaintiff for all hours worked in a given workweek, and failure to pay overtime compensation at a rate not less than one and one-half (1.5) times the rate at which he was employed for work performed beyond the forty (40) hour workweek, is a violation of 29 U.S.C. §§ 206, 207.

63. In violating the FLSA, Defendants acted willfully and with disregard of clearly applicable FLSA provisions. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

64. Due to the Defendants' FLSA violations, Plaintiff is entitled to recover from

Defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

65. Because Defendants' violations of the FLSA were willful, a three (3) year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**Count II**
**Violations of Pennsylvania Minimum Wage Act ("PA MWA")**
**(Failure to Pay Overtime Compensation)**

66. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

67. At all relevant times, Plaintiff was an "Employee" and Defendants were his "Employer" within the meaning of the PA MWA.

68. The PA MWA provides that employees who work over forty (40) hours in a workweek shall receive "1½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week." 43 P.S. § 333.104(c).

69. Defendants violated the PA MWA by failing to pay Plaintiff the legally mandated hourly overtime premium for hours worked over forty (40) in a workweek.

70. In violating the PA MWA, Defendants acted willfully and with disregard of clearly applicable PA MWA provisions.

71. Pursuant to 43 P.S. § 333.113, Plaintiff is entitled to recover from Defendants an amount equal to unpaid overtime compensation for all the hours worked in excess of forty (40) hours in a work week for which he did not receive compensation equal to one and one-half (1.5) times his regular rate, in an amount to be proven at trial, together with interest, costs and reasonable attorneys' fees.

## Count III
### Violation of Pennsylvania Wage Payment and Collection Law ("PA WPCL")
(Failure to Pay Overtime Compensation)

72. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

73. Plaintiff was an employee of Defendants within the meaning of the PA WPCL and, as such, is entitled to timely payment of wages due to him.

74. Defendants are deemed an "employer" within the meaning of the PA WPCL.

75. Pursuant to the PA WPCL, Plaintiff was entitled to receive all compensation due and owing to him on his regular payday.

76. As a result of Defendants' unlawful policies, Plaintiff has been deprived of compensation due and owing to him.

77. Plaintiff is entitled to recover from Defendants the amount of unpaid compensation, and an additional amount of 25% of the unpaid compensation as liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, PA MWA, and PA WPCL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime wages to Plaintiff;

11

   d.   An award of liquidated damages to Plaintiff;

   e.   Pre-judgment interest and post-judgment interest;

   f.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

   g.   Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all issues so triable.

Respectfully submitted,

THE D'ORLANDO FIRM, PLLC

Dated: July 26, 2019   By: _____
David M. D'Orlando, Esquire
53 S. Main Street
Yardley, PA 19067
T: (267) 392-5428
F: (267) 573-3096
Email: dmd@dorlandolaw.com
*Counsel for Plaintiff*